IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LISA K. PRATTA,                  :
                                 :
        Plaintiff,               :
                                 :
    v.                           :   Civil Action No. 04-089-JJF
                                 :
AMERICAN GENERAL FINANCIAL       :
SERVICES, INC.,                  :
                                 :
        Defendant.               :

Thomas S. Neuberger, Esquire, and Stephen J. Neuberger, Esquire, of THE NEUBERGER FIRM, P.A., Wilmington, Delaware.
John M. LaRosa, Esquire, Wilmington, Delaware.
Attorneys for Plaintiff.

Barbara Rittinger Rigo, Esquire, and Christina M. Hanna, Esquire, of LITTLER MENDELSON, P.C., Philadelphia, Pennsylvania.
Peter M. Sweeney, Esquire, of GORDON, FOURNARIS & MAMMARELLA, P.A., Wilmington, Delaware.
Attorneys for Defendant.

**MEMORANDUM OPINION**

September 13, 2006
Wilmington, Delaware


**Farnan, District Judge.**

Pending before the Court is Defendant American General Finance Services, Inc.'s Motion for Summary Judgment (D.I. 63). For the reasons discussed, the Motion will be granted.

## I.  BACKGROUND

Plaintiff Lisa K. Pratta began working for American General Finance Services, Inc. ("AGF") in 1988.  On December 1, 1997, Plaintiff was transferred from the branch in Penns Grove, New Jersey, to the branch in Newark, Delaware, where she worked as a Branch Manager until her termination.  At the time of her termination, Plaintiff was forty-three years old.

In 1998, Kevin Fantom became Plaintiff's District Manager. Plaintiff described Fantom's management as "threatening and harsh." (D.I. 66, p.5).  On February 13, 2002, Fantom issued Plaintiff a formal counseling report because he believed Plaintiff had failed to follow his directive to spend time each week developing external business.  The same day, Fantom asked Plaintiff to "book a loan." Plaintiff responded that she did not know how to book a loan.  According to Plaintiff, Fantom became angry and verbally abusive in response.  Fantom suggested that Plaintiff be demoted and Fantom allegedly dictated a letter of demotion for Plaintiff to sign in lieu of termination.  Plaintiff left work thereafter.

On the same day, upon returning home, Plaintiff called Tracy

1

Stutz, a Manager of Field Human Resources for AGF.  Plaintiff told Ms. Stutz she did not want to be demoted but that she needed some time to recover from the incident with Fantom.  Ms. Stutz informed Marlene King, AGF's Disability Management Administrator, of her conversation with Plaintiff.  The next day, Ms. King contacted Plaintiff and informed Plaintiff that she sent paperwork to Plaintiff regarding short-term disability ("STD") benefits and leave under the Family Medical Leave Act ("FMLA").  Plaintiff completed and returned the paperwork.

In June 2002, Ms. King sent Plaintiff a letter stating that Plaintiff's FMLA leave expired on May 8, 2002, and that additional paperwork was necessary to continue the leave.  The letter further stated that, if desired, AGF would attempt to accommodate Plaintiff's return to work.  In July 2002, Ms. King sent Plaintiff a letter stating that Plaintiff's STD benefits would expire on August 14, 2002, and Plaintiff could apply for long-term disability ("LTD") benefits or complete the appropriate paperwork to facilitate a return to employment.  The letter further stated that AGF's administrative leave policy allowed for a leave of absence for six months.

On August 13, 2002, Plaintiff applied for and was approved for LTD benefits.  In October 2002, AGF sent Plaintiff a letter stating it was notified of the approval of LTD benefits effective August 13, 2002, and, pursuant to its policy, active employment

would end on August 12, 2002. Defendant's long-term disability benefits policy provides that employment terminates upon the earlier of 6 months from the date last worked, or the commencement of long-term disability. (D.I. 65, A130).

On February 9, 2004, Plaintiff filed her Complaint, alleging that Defendant violated the Age Discrimination in Employment Act (ADEA).

## II. PARTIES' CONTENTIONS

By its Motion, Defendant contends that Plaintiff cannot establish a prima facie case of age discrimination because Plaintiff cannot demonstrate she was replaced by a younger employee or that she suffered a constructive discharge from employment by AGF. Defendant further contends that Plaintiff cannot overcome its legitimate, nondiscriminatory reason for Plaintiff's termination by showing the reason is a pretext for discrimination because the termination occurred pursuant to its long-term disability benefits policy.

In response, Plaintiff contends that Fantom's treatment of her is evidence of discrimination sufficient to establish a prima facie case. Plaintiff further contends that Fantom's treatment of other older managers in the district and preferential treatment of younger workers provides circumstantial evidence that discrimination was more likely than not the motivating factor in Plaintiff's termination.

3

III. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary

4

judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**IV. DISCUSSION**

    A.   *McDonnnell Douglas* Framework

When considering age discrimination claims under the ADEA, a court must use the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 330 (3d. Cir. 1995). Under this analysis, a plaintiff must first establish a prima facie case of discrimination. Green, 411 U.S. at 802. A prima facie case of age discrimination under the ADEA requires the plaintiff to allege four elements: 1) he is at least 40 years of age, 2) he is qualified for the position in question, 3) he has suffered an adverse employment action, and 4) he has been replaced by a sufficiently younger employee to permit a reasonable inference of age discrimination. Sempier v. Johnson & Higgins, 45 F.3d 724, 728 (3d. Cir. 1995).

Once the plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant. The defendant must "articulate some legitimate, nondiscriminatory reason" for its conduct. Green, 411 U.S. at 802. If the defendant produces a sufficient reason for its actions, the burden shifts back to the plaintiff to demonstrate that the

5

reasons articulated by the defendant are merely a pretext for discrimination. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). To defeat a motion for summary judgment, a plaintiff must point to some evidence from which the "factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Id. To accomplish this, a plaintiff can show a defendant's reasons are so weak, incoherent, implausible, or inconsistent such that they lack credibility. Id. at 765.

    B.   Analysis

Reviewing the evidence presented in this case in the light most favorable to Plaintiff, the Court concludes that no factfinder could reasonably find for Plaintiff on her age discrimination claim. Regarding Plaintiff's prima facie case, it is not disputed that Plaintiff was over 40 and qualified for her position as Branch Manager. However, the Court concludes that Plaintiff has failed to establish sufficient evidence of an adverse employment action or replacement by a sufficiently younger employee. Plaintiff's employment was terminated upon the commencement of long-term disability benefits for which she applied. This termination occurred pursuant to Defendant's employment policies made known to Plaintiff through

6

correspondence with Defendant. Although Plaintiff contends she was unable to work because of Fantom's treatment of her, the Court concludes Plaintiff has not produced sufficient evidence that the situation was so intolerable that a reasonable jury could find she was compelled to resign. See Connors v. Chrysler Financial Corp., 160 F.3d 971, 974 (3d. Cir. 1998) (finding constructive discharge is established where conditions are so unpleasant or difficult that a reasonable person would be compelled to resign). Plaintiff points to Fantom's negative criticism of her work performance, that he was a "tough district manager," and that his management style was "harsh and threatening," to support her claim that working conditions were unreasonable (D.I. 65, A3, A13 - A16). However, discrimination laws to not guarantee a workplace free of stress. Connors, 160 F.3d at 976. Plaintiff fails to establish any evidence of a working environment so intolerable as to exceed the normal stresses of working for a difficult manager. Further, Plaintiff told Defendant's Human Resources Department that she was not interested in resigning, but rather, needed some time to recover. Moreover, Plaintiff does not establish that she was permanently replaced by a sufficiently younger person. Rather, Plaintiff admits that her position was held open during the six months she was on leave. Permanent replacement did not occur until Plaintiff's long-term disability benefits commenced. Accordingly,

the Court concludes no factfinder could reasonably find sufficient evidence to establish Plaintiff's prima facie case of age discrimination pursuant to the ADEA.

Furthermore, even if Plaintiff were able to establish a prima facie claim, Plaintiff fails to cast sufficient doubt on Defendant's legitimate, nondiscriminatory reason for its decision to terminate Plaintiff.  Here, Defendant identifies evidence sufficient to show it acted in accordance with its administrative leave policy by which an employee is terminated upon the earlier date of six months from the last day of active employment or the date on which long-term disability benefits commence.  The Court concludes that Defendant AGF has satisfied its burden to articulate a legitimate, nondiscriminatory reason for the adverse employment decision.

Further, reviewing the evidence in the light most favorable to Plaintiff, the Court concludes there is insufficient evidence to enable a factfinder to reasonably conclude that discriminatory animus was a pretext for Defendant's decision to terminate Plaintiff.  Plaintiff has failed to adduce any evidence to suggest Defendant was doing more than simply following its administrative leave policy.  Plaintiff's application for long-term disability benefits was voluntary.  Correspondence between Defendant and Plaintiff suggests that Plaintiff was aware she had the option to return to work, and that if she chose not to

return, employment would terminate upon the commencement of long-term disability benefits.  Plaintiff contends Defendant acted inconsistently because it did not terminate another AGF employee while she was on disability leave.  However, the employee was only on short-term disability leave of approximately three months and did not pursue long-term disability leave as did Plaintiff.  Thus, the Court concludes that Plaintiff has failed to identify any inconsistent application of AGF's administrative leave policy sufficient to cast doubt on Defendant's legitimate, nondiscriminatory reason for Plaintiff's termination.

Plaintiff further contends that Fantom's treatment of her and other employees is evidence of Defendant's discriminatory animus.  Plaintiff contends that Fantom was antagonistic towards his older managers[1], that Fantom forced other older managers to resign, and that he gave preferential treatment to his younger employees.  However, to support these examples, Plaintiff relies on "feelings" and references to Fantom's "harsh" management style (D.I. 65, A11, A16, A21, A22).  Plaintiff fails to establish direct or circumstantial evidence that age discrimination was a motivating factor behind Fantom's actions.  Accordingly, the Court concludes no factfinder could reasonably conclude that

---

[1] Plaintiff attempts to establish this point by quoting the deposition of another former AGF employee: "The manner in which he approached his [older] managers w[as] absolutely horrible." (D.I. 66, p.17).  However, the insertion of the word "older" is not warranted by the deposition transcript. (D.I. 79, B235).

discrimination was a pretext to Defendant's decision to terminate Plaintiff.

Plaintiff also relies on a series of emails sent in August and September 2001, by Fantom to his employees, although not to Plaintiff directly, within the context of a inter-branch competition. In these emails, Fantom attempts to motivate his employees. In doing so, he uses the words "old colleagues", "old timers", and "old farts." (D.I. 65, A7 - A10). These emails were sent nearly one year before Plaintiff's employment was terminated. The comments were neither directed to or directly related to Plaintiff's work performance. Although such remarks may reasonably be considered offensive, stray remarks, temporally remote to the termination decision, are not in themselves probative of discrimination. <u>Pivirotto v. Innovative Sys. Inc.</u>, 191 F.3d 344, 359 (3d. Cir. 1999). Thus, the Court concludes that Plaintiff has not produced evidence sufficient to avoid summary judgment by casting doubt on Defendant's reasons for her termination and no jury could reasonably find for the Plaintiff. Accordingly, the Court will grant Defendant's Motion.

## V. CONCLUSION

For the reasons discussed, Defendant American General Finance Services, Inc.'s Motion For Summary Judgment (D.I. 63) will be granted.

An appropriate Order will be entered.